**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 2 0 2016

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 2:16- CR- 5 |
| | § | JUDGES GILSTRAP/PAYNE |
| ROBERT LEE SHEPPARD | § | |

**INDICTMENT**

**SEALED**

THE UNITED STATES GRAND JURY CHARGES:

**Count 1**

Violation: 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute methamphetamine)

On or about February 2, 2016, in the Eastern District of Texas, **Robert Lee Sheppard**, Defendant herein, knowingly and intentionally possessed with intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

## Count 2

>Violation: 18 U.S.C. § 924(c) (Use, carrying and possession of a firearm and ammunition during and in furtherance of a drug trafficking crime)

On or about February 2, 2016, in the Eastern District of Texas, **Robert Lee Sheppard**, Defendant herein, did knowingly and intentionally use and carry and possess a firearm, to wit:

1. a Lorcin model L25 .25 caliber handgun, serial number 121375

during and in relation to and in furtherance of a felony drug trafficking crime for which he may be prosecuted in a court of the United States, that is possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, as alleged in Count 1, in violation of 21 U.S.C. § 841(a)(1),.

In violation of 18 U.S.C. § 924(c).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

### Pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendants herein shall forfeit to the United States pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461:

1. any property constituting, or derived from, and proceeds the defendants obtained, directly or indirectly, as the result of such violation;
2. any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, and/or,
3. any and all firearms, ammunition and accessories seized from defendants, including but not limited to the following:

**Firearms:**

1. a Lorcin model L25 .25 caliber handgun, serial number 121375
2. 5 rounds of .25 ammunition seized from the defendant at the time of his original arrest

**Substitute Assets:**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

1. cannot be located upon the exercise of due diligence;
2. has been transferred or sold to, or deposited with a third person;
3. has been placed beyond the jurisdiction of the court;
4. has been substantially diminished in value; or
5. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by defendants.

By virtue of the commission of the offenses alleged in this indictment, any and all

interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461.

A TRUE BILL,

_4/20/16_
Date

_____
FOREPERSON OF THE GRAND JURY

JOHN M. BALES
UNITED STATES ATTORNEY

_____
D. RYAN LOCKER
ASSISTANT U.S. ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | § NO. 2:16- CR-_____ |
| | § JUDGES GILSTRAP/PAYNE |
| ROBERT LEE SHEPPARD | § |

## NOTICE OF PENALTY

### Count 1

Violation:          21 U.S.C. § 841(a)(1) (Possession with intent to distribute less 50 grams of a mixture or substance containing a detectable amount of methamphetamine)

Penalty:            Imprisonment not more than 20 years; a fine not to exceed $1,000,000, or both; and a term of supervised release of at least 3 years.

If a defendant has a previous final conviction for a felony drug offense, said defendant shall be imprisoned not more than 30 years; a fine not to exceed $2,000,000, or both; and a term of supervised release of at least 6 years.

Special Assessment:  $100.00

## Count 2

| | |
|---|---|
| Violation: | 18 U.S.C. § 924(c) (Use, carrying and possession of a firearm during and in furtherance of a drug trafficking crime) |
| Penalty: | Imprisonment for not less than 5 years which must be served consecutively to any other term of imprisonment; a fine not to exceed $250,000, or both; and a term of supervised release of not more than 3 years. |
| Special Assessment: | $100.00 |